ANTHONY E. SHEPARD, Individually, etc., Respondent, v. PAULINE BRODSKY, Individually and as Executrix, etc., of ABRAHAM BRODSKY, Deceased, Appellant.— Motion for extension of time to answer granted. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

ANTHONY E. SHEPARD, Respondent, v. PAULINE BRODSKY, Individually and as Executrix, etc., of ABRAHAM BRODSKY, Deceased, Appellant.— Motion for extension of time to answer granted. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

ROSE STODDARD, Respondent, v. INTERSTATE CORRUGATED BOX COMPANY and LOUIS VISSER, Appellants.— Motion to dismiss appeal denied upon condition that appellants perfect the appeal for the October term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

FRANK TRITTO, Respondent, v. CARLO PLANTAMURA, Appellant.— Motion to dismiss appeal granted by default, with ten dollars costs, and appeal dismissed, with costs. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

HYMAN WORHAFTIG, Plaintiff, v. FRIENDSHIP BUILDING CORPORATION and Another, Appellants; HARRY WEINGASS, Respondent, and Others, Defendants.— Motion to discontinue appeal granted upon condition that appellants pay respondent ten dollars costs within five days from service of a copy of the order herein; otherwise, motion denied, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

CHARLES BERG, Respondent, v. FANNIE WEINSTEIN, Also Known as " FANNIE BERG," Appellant.— Motion for stay granted upon condition that appellant perfect the appeal for Friday, June twelfth (for which day the case is set down) and be ready for argument when reached, and upon the further condition that appellant shall not dispose of any of the property claimed by respondent, that she has in her possession; otherwise, motion denied, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

MARGARET GURRAN, a Resident and Taxpayer of the Village of Peekskill, Appellant, v. HICKSON F. HART and Others, Constituting the Board of Trustees of the Village of Peekskill, and the VILLAGE OF PEEKSKILL, Respondents.— Motion for stay denied. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

In the Matter of the Application of JOHN LOWE MURRAY for Admission to the Bar. (From the State of North Carolina.) — Application granted. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

In the Matter of JOHN PETRELLO, JR., a Child under the Age of Sixteen Years, Charged with Being a Juvenile Delinquent.— Motion granted and case ordered to be placed on the June term calendar. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

AUGUST PETZOLT, Respondent, v. MILTON W. BLATNER, Appellant.— Motion for stay denied. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

MARGARET GURRAN, a Resident and Taxpayer of the Village of Peekskill, Appellant, v. HICKSON F. HART and Others, Constituting the Board of Trustees

of the Village of Peekskill, and the VILLAGE OF PEEKSKILL, Respondents.— Order denying plaintiff's motion for an injunction *pendente lite*, in so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

AUGUST PETZOLT, Respondent, v. MILTON W. BLATNER, Appellant.— Order granting plaintiff's motion for a preference affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

MEYER BLUMBERG, Respondent, v. FRANK GIORGIO, JR., Trustee in Bankruptcy of the NOX REALTY CORPORATION, Appellant, and Others, Defendants.— Motion to dismiss appeal denied upon condition that appellant perfect the appeal for the October term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

FRANCIS A. CUNDILL, Respondent, v. A. W. MILLHAUSER CORPORATION, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals granted in light of the fact that on February 17, 1931, the Court of Appeals granted permission to appeal in this case. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

WILLIAM A. DE GROOT, Appellant, v. BROOKLYN DAILY TIMES, Respondent. (Appeal No. 1.) — Motion for leave to appeal to the Court of Appeals granted. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

THERESE DWELLE, Respondent, v. MARTHA C. KOPF, Appellant.— Motion for stay granted. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

LOUIS FISHMAN, Respondent, v. HARRY KIRSCH, Appellant; BANK OF MANHATTAN TRUST COMPANY, Defendant.— Motion to dismiss appeal from order of preference granted, without costs, and appeal dismissed. Motion to dismiss appeal from judgment denied, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

JONAH J. GOLDSTEIN, Appellant, v. JAMES L. HUNTER and CATHERINE HUNTER, Respondents.— Motion for reargument denied. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

GREGORY COAL AND LUMBER CO., INC., Plaintiff, v. FRANCES ALDA GATTI-CASAZZA, Appellant, LEWIS & VALENTINE COMPANY, Respondent, and Others, Defendants.— Motion for reargument denied. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

JOHN J. HALLERAN and LAURENCE B. HALLERAN, Copartners, Doing Business under the Firm Name and Style of HALLERAN AGENCY, Respondents, v. JOSEPH P. DAY and JOSEPH P. DAY, INCORPORATED, Appellants.— Motion for leave to appeal to the Court of Appeals denied. On the record before us we regard the amendment to the complaint as one merely in amplification or correction of the earlier pleading. (*Kent* v. *Erie R. R. Co.*, 201 App. Div. 293; see, also, 12 Cornell Law Quarterly, 525.) There is no reason why the defendant cannot set up the Statute of Limitations as a defense and seek to establish the fact that the statute has run against the new matters set up in the amended complaint. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

In the Matter of the Application of LILLIAN BRODERICK, Appellant, for a